## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

In re Herbert Carl Martinez,

     Plaintiff,

Case No: 8:14-mc-88-T-30MAP

_____

### <u>ORDER</u>

THIS CAUSE comes before the Court upon Plaintiff's Emergency Motion for Order Acknowledging Name Change as Required by the Social Security Administration Upon Affidavit of Common Law Name Change (Dkt. 1) and Affidavit of Indigency (Dkt. 2). This Court construes the Affidavit to be a motion to proceed *in forma pauperis.* This Court has reviewed the Emergency Motion (Dkt. 1). After close consideration, this Court denies the Emergency Motion (Dkt. 1) and the motion to proceed *in forma pauperis* (Dkt. 2).

Under the *in forma pauperis* statute, 28 U.S.C. §1915(e)(2)(B), district courts are compelled to consider whether such a suit is frivolous, malicious, or generally fails to state a claim. *See Mitchell v. Farcass*, 112 F. 3d 1483, 1486 (11th Cir. 1997); *see also* Local Rule 4.07. Although the pleadings of a *pro se* litigant are to be held to a less stringent standard than those drafted by an attorney, *See Haines v. Kerner*, 404 U.S. 519 (1972), a *pro se* litigant must nevertheless meet minimal pleading standards. *Olsen v. Lane*, 832 F. Supp. 1525 (M.D. Fla. 1993). "A pleading that states a claim for relief must contain: (1) a short plain statement of the grounds for the court's jurisdiction. . ." and "(2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P.

8(a)(1)-(2).   Plaintiff's motions fail to comply with the Federal Rules of Civil Procedure and are not properly before this Court.   A petition for a name change is a matter of state law, to be filed in state court.   *See* Fla. Stat. § 68.07 (2014).

Based on the above, the Court DENIES Plaintiff's motions.   Accordingly, it is hereby

ORDERED AND ADJUDGED that:

1.    Plaintiff's Emergency Motion for Order Acknowledging Name Change as Required by the Social Security Administration Upon Affidavit of Common Law Name Change (Dkt. 1) and motion to proceed *in forma pauperis* (Dkt. 2) are DENIED.

2.    Although Plaintiff is proceeding pro se, he is still subject to the applicable rules of the Court and relevant law, including the Local Rules governing the Court's procedures.   *See Moon v. Newsome*, 863 F. 2d 835 (11th Cir. 1989).

3.    This case is dismissed without prejudice.

**DONE** and **ORDERED** in Tampa, Florida, this 24th day of October, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Even\2014\14-mc-88 order denying motions 1,2.docx